IN THE UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNETTE STALEY | ) | |
| | ) | |
| | ) | Civil Action No. 1:17-CV-00669 |
| | ) | |
| Plaintiff, | ) | Honorable John J. Tharp, Jr. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SUNRISE SENIOR LIVING | ) | |
| MANAGEMENT, INC., | ) | |
| MS BARRINGTON, SH, LLC; | ) | |
| SUNRISE SENIOR LIVING SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS

**NOW COME**, the Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC. and MS BARRINGTON SH, LLC (collectively referred to as "Sunrise")[1], by and through their attorneys, PRETZEL & STOUFFER, CHARTERED, and for their Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) hereby state as follows:

### INTRODUCTION

This Court should dismiss Plaintiff's Complaint with prejudice because each of Plaintiff's purported claims fail as a matter of law. First, Plaintiff's purported claims under the Nursing Home Care Act, 210 ILCS 45/1-101, necessarily must fail because Sunrise of Barrington, an **assisted living facility**, is expressly omitted from the reach of that statute. Second, Plaintiff's remaining claims for negligence surrounding Sunrise's medical judgment and treatment should be dismissed because Plaintiff failed to support those allegations with the

---

[1] Sunrise Senior Living Services, Inc. that was originally named as a defendant has been dismissed pursuant to a stipulation entered into by and between the parties and thus is not a party to this motion. The stipulation is attached to as **Exhibit 1** for this Court's review.

necessary certificate of merit as required by 735 ILCS 5/2-622 and Illinois' substantive law. Consequently, Plaintiff cannot state a cause of action upon which relief may be granted and Sunrise is entitled to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## SUMMARY OF PERTINENT ALLEGATIONS

In her Complaint at Law, Plaintiff purports to allege claims for professional negligence and violations of the Nursing Home Care Act against Sunrise. (A copy of the Complaint is attached hereto as Exhibit 2). Specifically, Plaintiff alleges negligence under the Nursing Home Care Act, 210 ILCS 45/1-101 *et seq.*

Throughout her complaint, Plaintiff alleges that Sunrise operated a "nursing home" in Barrington, Illinois pursuant to a license issued by the State of Illinois. In actuality, Sunrise of Barrington is a duly licensed assisted living facility. (*See* Assisted Living Operating License, attached hereto as Exhibit 3). Nonetheless, according to Plaintiff, Sunrise had a duty to "exercise the care required of a nursing home owner, licensee and/or operator in the same or similar circumstances" and negligently "failed to adequately nourish and hydrate Plaintiff" and "failed to take adequate and necessary precautions to prevent Plaintiff from falling," among other things. (*See* Exhibit 1 at ¶14). According to the plaintiff, these alleged errors in professional medical judgment and alleged violations of statutory law led to Plaintiff's injuries.

Plaintiff's allegations fail to state a plausible cause of action and warrant dismissal under Rule 12(b)(6). As articulated below, Plaintiff's purported claims fail under the controlling principles of Illinois' substantive law. Accordingly, this Court should grant Sunrise's Motion to Dismiss.

## STANDARD FOR MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a

claim upon which relief may be granted. *Fed. R. Civ. P. 12(b)(6)*. When ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court looks to the complaint to determine whether it satisfies the threshold pleading requirements under Fed. R. Civ. P. 8. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In other words, the plaintiff has an obligation to provide the grounds of his entitlement to relief by providing more than labels and conclusions because a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570. Moreover, Rule 10(c) provides that a "copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." *Fed. R. Civ. P. 10(c)*.

In the context of a Rule 12(b)(6) Motion to Dismiss, the Court may rely upon attached exhibits in ruling on the motion, when the exhibit are "referred to in the plaintiff's complaint and are central to his claims." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). The Complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Arnett*, 658 F.3d at 752. Here, each of Plaintiff's alleged claims fail to satisfy these pleading requirements, fail as a matter of Illinois law, and thus warrant dismissal pursuant to Rule 12(b)(6).

## **ILLINOIS LAW CONCERNING 735 ILCS 5/2-622**

Under Illinois substantive law, a plaintiff bringing a medical malpractice or healing arts claim must file a physician's report which clearly identifies the reasons for the health professional's determination that there is a meritorious cause of action. 735 ILCS 5/2-622; *Peterson v. Hinsdale Hosp.*, 233 Ill. App. 3d 327, 331 (2 Dist. 1992). 735 ILCS 5/2-622 is designed to reduce the number of frivolous lawsuit that are filed and to eliminate such actions at

an early stage, before the expenses of litigation have mounted. *Deluna v. St. Elizabeth's Hospital*, 147 Ill.2d 57, 588 N.E.2d 1139 (1992).

## ARGUMENT

I. **PLAINTIFF'S CLAIMS PURSUANT TO THE NURSING HOME CARE ACT NECESSARILY FAIL AS SUNRISE OF BARRINGTON IS AN ASSISTED LIVING FACILITY.**

This Court should dismiss the Plaintiff's Complaint with prejudice because her allegations rely upon an inapplicable statutory scheme. The controlling allegations of Plaintiff's Complaint at Law are premised upon Sunrise's alleged breach of a duty created by the Nursing Home Care Act, 210 ILCS 45/1-101 *et seq.* In particular, Plaintiff mistakenly and improperly alleges that the Defendants operated a "nursing home" in Barrington, Illinois pursuant to a license issued by the State of Illinois and pursuant to the Nursing Home Care Act, 210 ILCS 45/1-101. (*See* Exhibit 1, ¶¶ 2-12).

Additionally, Plaintiff alleges that Sunrise owed a certain duty under that same statutory scheme. (*See* Exhibit 1, ¶ 10). However, none of the defendants operate a nursing home. Sunrise of Barrington is licensed by the State of Illinois ***as an assisted living facility.*** (*See* Exhibit 2). The statutory scheme outlined by the Illinois legislature and relied upon by Plaintiff has drawn the careful distinction between "nursing homes" and "assisted living facilities," with the latter being expressly excluded from the ambit of the Nursing Home Care Act. 210 ILCS 45/1-113(10). Consequently, the Nursing Home Care Act is inapplicable to this case; Sunrise owed Plaintiff **no** duty under that statute. Therefore, Plaintiff's Complaint at Law should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

**II.  PLAINTIFF'S ALLEGATIONS OF COMMON LAW PROFESSIONAL NEGLIGENCE FAIL AS A MATTER OF ILLINOIS LAW BECAUSE THEY IMPLICATE SUNRISE'S MEDICAL JUDGMENT AND THEREFORE, REQUIRE SUPPORT FROM A QUALIFIED MEDICAL PROFESSIONAL.**

Plaintiff's negligence claims similarly warrant dismissal under Rule 12(b)(6) because Plaintiff failed to attach an affidavit of a qualified medical professional confirming that she has a meritorious cause of action. (Exhibit 1). As this case was removed from Illinois state court on the basis of diversity jurisdiction, Illinois law governs the substantive issues in this case. *Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013).

Illinois law requires the plaintiff in a medical malpractice case to file an affidavit with the complaint averring that the plaintiff is pursuing a meritorious claim. 735 ILCS 5/2-622. Not only is this requirement a well-settled provision in Illinois state law, the requirements of Section 2-622 are equally applicable to diversity proceedings in the federal system. *See Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (finding the district court erred in dismissing the complaint because the 2-622 affidavit was sufficient under Illinois law); *Williams v. Erickson*, 2013 U.S. Dist. LEXIS 145242, 6 (N.D. Ill. Oct. 8, 2013) ("[T]he Court concludes that section 2-622(a) does in fact apply to the present case"). Further, failure to file the affidavit is ground for dismissal of the action. 735 ILCS 5/2-622(g). Dismissal for failure to comply with Section 2-622 *is mandatory*. *Murphy v. United States*, 2010 U.S. Dist. LEXIS 85172, *6 (N.D. Ill. August 19, 2010) (emphasis added), citing *Sherrod*, 223 F.3d at 613.

Under Illinois law, Section 2-622 specifically applies to "healing arts malpractice." 735 ILCS 5/2-622(a). The scope of what constitutes "healing arts malpractice" is broad and encompasses all health professionals. *Moskowitz v. City of Chicago*, 1993 U.S. Dist. LEXIS 16402, 16-17 (N.D. Ill. Nov. 15, 1993); *Lyon v. Hasbro Indus., Inc.,* 156 Ill. App. 3d 649, 509 N.E.2d 702 (4th Dist. 1987). Stated differently, the term "healing art" is broadly construed and

5

generally concerns issues of medical judgment. *Childs v. Pinnacle Health Care, LLC*, 399 Ill. App. 3d 167, 181, 926 N.E.2d 807, 819 (2nd Dist. 2010) (claim against long-term care facility). Where the allegations are based on conduct which cannot be measured by common knowledge, but require medical knowledge, Section 2-622 applies. *Kus v. Sherman Hosp.*, 204 Ill. App. 3d 66, 72, 561 N.E.2d 381, 384 (2nd Dist. 1990).

"Plaintiffs must comply with 735 ILCS 5/2-622 in cases where determining the standard of care requires applying distinctive medical knowledge or principles, however basic." *Jackson v. Chi. Classic Janitorial & Cleaning Serv., Inc.*, 355 Ill. App. 3d 906, 911, 823 N.E. 2d 1055, 1059 (1st Dist. 2005). Illinois Courts have stated that the type of case in which a plaintiff need not file an affidavit under this section against a health care provider is the exceptional one. *Woodard v. Krans*, 228 Ill. App. 3d 692, 705, 592 N.E.2d 1159, 1168-69 (2nd Dist. 1992). The possibility that the standard of care may be established by lay knowledge does not necessarily take the care outside the broad realm of "medical, hospital or healing art malpractice." *Id.*

Since the 1987 decision in *Owens v. Manor Health Care Corp.*, 159 Ill. App. 3d 684 (4th Dist. 1987), Illinois courts have expanded the definition of healing art to include Plaintiff's claims. For example, allegations of negligence such as inadequate monitoring and supervision, failing to properly assess, negligent care planning and failing to ensure a resident's safety, have all been held to constitute and involve medical or professional judgment, such that rule 2-622 applies. *Childs*, 399 Ill. App. 3d at 182; *Kolanowski v. IL Valley Comm. Hosp.*, 188 Ill. App. 3d 821 (3d Dist. 1989). Likewise, the determination of which equipment is necessary and precautionary to meet a specific individual's medical needs is inherently one of medical or professional judgment. *Lyon*, 156 Ill. App. 3d at 655. Here, plaintiff's allegations fall within the purview of "healing arts malpractice."

6

Plaintiff's allegations clearly impugn the professional care, treatment, and judgment of the nurses and staff at Sunrise. The controlling allegations in the Complaint reveal that Plaintiff's negligence claims arise from Sunrise's alleged failures to provide care and treatment and to exercise professional judgment in the delivery of care and treatment. According to Plaintiff, Sunrise had a duty to "adequately nourish and hydrate Plaintiff" and to "take adequate and necessary precautions to prevent Plaintiff from falling," among other things. (*See* Exhibit 1, ¶ 14). These claims implicate Sunrise's medical judgment in assessing Plaintiff's medical needs and in providing her with appropriate care and treatment.

Plaintiff's allegations specifically assert that Sunrise failed in providing treatment and care resulting in her dehydration and allegedly causing kidney damage. (Exhibit 1, ¶¶ 14-15). In addition, Plaintiff asserts that Sunrise was also deficient in its professional judgment in failing to plan for and provide the appropriate care and treatment which allegedly resulted in a fall and subsequent injuries. (Exhibit 1, ¶¶ 14-15).

Each of Plaintiff's allegations identified above relates to conduct which cannot be assessed with "common knowledge." *See Lyon*, 156 Ill. App. 3d at 655, 509 N.E.2d at 706. Rather, the assessment of Sunrise's conduct requires specialized medical knowledge to articulate the standard of care for health care professionals who assess and treat the medical needs of residents, like Plaintiff, in an assisted living facility. *See Childs*, 399 Ill. App. 3d at 183, 926 N.E.2d at 819. It is undisputed that Plaintiff has not appended the certificate of merit required by 735 ILCS 5/2-622. (Exhibit 1).

Accordingly, 735 ILCS 5/2-622 governs Plaintiff's allegations in her Complaint at Law as those claims plainly involve Sunrise's purported negligence in exercising its medical judgment. Plaintiff's failure to substantiate her allegations of healing art negligence with the

necessary affidavit of merit constitutes grounds for mandatory dismissal under Illinois law and Rule 12(b)(6). This Court should dismiss Plaintiff's Complaint accordingly.

## CONCLUSION

Plaintiff cannot state a viable cause of action against Sunrise for its purported negligence. This Court should dismiss the Complaint in its entirety and with prejudice. First, the controlling allegations in Plaintiff's Complaint at Law confirm that Plaintiff brought those claims under the auspices of the Nursing Home Care Act, which is expressly inapplicable to Sunrise of Barrington, an assisted living facility. In addition, Plaintiff's claims for negligence are not supported by the necessary affidavit under Section 2-622. As none of Plaintiff's purported claims state a valid claim under the substantive law of Illinois, Plaintiff's Complaint warrants dismissal in its entirety. Therefore, because each of Plaintiff's alleged claims fails as a matter of law, this Court should grant Sunrise's Motion and dismiss Plaintiff's Complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, the Defendants, SUNRISE SENIOR LIVING MANAGEMENT, INC. and MS BARRINGTON SH, LLC, respectfully request that this Court grant their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, and for any and all other relief that this Court deems to be fair and just.

Respectfully submitted,

/s/ Robert E. Sidkey
Pretzel & Stouffer, Chartered
One S. Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone:   312/346-1973
Fax:         312/346-8242
rsidkey@pretzelstouffer.com
*Attorney for Defendants*

8

## CERTIFICATE OF SERVICE

A copy of Defendants' **Motion to Dismiss,** was filed electronically this **3rd day of February, 2017.** Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's electronic system.

**ATTORNEYS FOR PLAINTIFF**

John E. Marszalek
Marszalek & Marszalek
120 West Madison Street
Ste. 801
Chicago, IL 60602
PH: (312) 456-1700
Email: john@marslawfirm.com

Philip J. Farina
Law Office of Philip J. Farina
120 W. Madison Street
Ste. 801
Chicago, IL 60602
PH: (312) 782-3678
Email: pfarinalaw@sbcglobal.net

/s/ Robert E. Sidkey
Robert E. Sidkey
(Illinois Bar No. 6271444)
Pretzel & Stouffer, Chartered
One South Wacker Drive-Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7489
Fax: (312) 346-8242
E-Mail: rsidkey@pretzel-stouffer.com
*One of the Attorneys for the Defendants*